UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JEFFERY JACKSON,

    Plaintiff,

v.

U.S. MAGISTRATE JUDGE BERENS,

    Defendant.
_____/

Case No. 1:25-cv-00264

Hon. Jane M. Beckering
U.S. District Judge

# REPORT AND RECOMMENDATION

## I. Introduction

*Pro se* Plaintiff Jeffery Jackson filed this complaint against U.S. Magistrate Judge Berens because he disagrees with her Report and Recommendation (R. & R.) in *Jackson v. United States Marshals Service*, No. 1:25-cv-197 (W.D. Mich. Mar. 5, 2025). (ECF No. 1.) Judge Berens's R. & R. was adopted as the opinion of the Court on March 17, 2025, and Judgment was entered dismissing that case. *Jackson v. United States Marshals Service*, No. 1:25-cv-197 (W.D. Mich. Mar. 17, 2025). In Jackson's motion to file an amended complaint he asserted that U.S. Magistrate Berens also issued an R. & R. in his social security case. (ECF No. 4, PageID.12.) Jackson says that the timing is suspicious. (*Id*.)

Jackson has repeatedly filed frivolous lawsuits in this Court. As a result, on March 26, 2025, this Court issued an order requiring Jackson to prepay all future filing fees unless he obtains a signature from a licensed attorney admitted to practice in the Western District of Michigan certifying that Jackson's complaint is

1

not frivolous, malicious, or brought in bad faith. *Jackson v. U.S. Government*, No. 1:25-cv-196 (ECF No. 8, PageID.28).

This lawsuit is also frivolous, malicious, and brought in bad faith. However, because Jackson filed this lawsuit before the Court imposed the above restriction, it is recommended that the Court grant Jackson's motion to proceed *in forma pauperis* (ECF No. 2), and then screen this case, and dismiss it as frivolous and malicious and for failing to state a claim.

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

Judges are absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a

judge of judicial immunity).

Plaintiff's factual allegations clearly fail to implicate any exceptions to judicial immunity. There is no doubt that U.S. Magistrate Judge Berens acted within her judicial authority when she issued the R. & R. to dismiss Jackson's case for failure to state a claim upon which relief may be granted. Jackson has recourse – he may appeal the decision – but he cannot sue the judge who recommended that his case be dismissed.

Jackson knows all of this, because he has done this before. Jackson previously sued U.S. District Judge Bell, alleging a denial of due process because Judge Bell transferred one of Jackson's cases to another district court due to lack of venue. *Jackson v. Bell*, No. 1:10-cv-1255 (W.D. Mich. Dec. 21, 2010). Judge Maloney dismissed that case as frivolous because Judge Bell was acting within his judicial authority and was entitled to absolute judicial immunity. (*Id.*) That decision, however, did not deter Jackson from filing frivolous lawsuits against other judges who ruled against him. Jackson sued U.S. Magistrate Judge Scoville for recommending the dismissal of a frivolous complaint. *Jackson v. Scoville*, No. 1:11-cv-53. Judge Maloney dismissed the complaint and entered judgment against Jackson because Judge Scoville was entitled to absolute judicial immunity. (*Id.*, ECF No. 8 and 9.) Jackson then sued Judge Maloney for dismissing his frivolous cases. *Jackson v. Maloney*, No. 1:11-cv-54. Once again, the Court dismissed Jackson's complaint because Judge Maloney was entitled to absolute judicial immunity. (*Id.*, ECF No. 8 and 9.)

By now, Jackson should know that he cannot sue a judge simply because he disagrees with the decision that the judge made in a case.

## IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and malicious, and fails to state a claim upon which relief may be granted.

Dated:   March 28, 2025                                          /s/ *Maarten Vermaat*
                                                                 MAARTEN VERMAAT
                                                                 U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn,* 474 U.S. 140 (1985).